John W. Snyder v. Commissioner.
Snyder v. Commissioner
Docket No. 54302.
United States Tax Court
T.C. Memo 1955-311; 1955 Tax Ct. Memo LEXIS 26; 14 T.C.M. (CCH) 1218; T.C.M. (RIA) 55311; November 28, 1955
John W. Snyder, 237 Whitman Drive, Beloit, Wis., pro se. Paul Levin, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion The Commissioner determined the following deficiencies and penalties: Sec. 294(d),
I.R.C. 1939
Year
Tax
Deficiency
Penalty
1948
Income
$410.87
$ 5.68
1949
Income
270.41
1950
Income
342.77
7.20
1951
Income
294.23
28.80
Three questions are presented for decision: 1. Did petitioner properly deduct amounts claimed by him as fire losses in the taxable years? 2. Did petitioner properly deduct an amount claimed by him in 1948 as a long-term capital loss on certain stock in Stormont Gold Mines Company? 3. Did the Commissioner properly determine the additions to tax under section 294(d), Internal Revenue Code *27 of 1939? Other adjustments are not contested by petitioner. Findings of Fact Petitioner is an individual residing in Beloit, Wisconsin. His income tax returns for the years in question were filed with the collector of internal revenue for the district of Wisconsin. In 1944 petitioner purchased a farm consisting of 180 acres of land in Sauk County, Wisconsin, for approximately $4,700, which price included improvements consisting of a farm house, granary, machine shed, and barn. The land itself was worth approximately $25 per acre. No allocation of the purchase price was made by the parties or either of them between the land and the improvements. Petitioner rented the farm to a tenant who in turn rented the farm house to two tenants. No rent was received by petitioner for the house which was destroyed by fire in 1947. The house was insured and in the same year petitioner received $1,500 insurance thereon. On his 1947 income tax return petitioner deducted $2,100 based upon the loss by fire of the farm house. In the years 1948 through 1951 petitioner deducted (based on the same loss) the amounts of $1,900, $2,000, $2,000 and $1,000, respectively. These deductions were disallowed *28 by the Commissioner with the following explanation: "It is held that you have not established that the adjusted basis for the property was in excess of the insurance proceeds received in 1947 and that, in any event, if a loss was sustained in 1947 no part thereof is deductible in any subsequent taxable year under the provisions of the Internal Revenue Code." On his 1948 income tax return petitioner deducted a long-term capital loss of $500.33 based on the worthlessness of stock in Stormont Gold Mines Company, a Canadian stock. This deduction was disallowed by the Commissioner with the explanation that the stock "became worthless prior to 1948." Opinion TIETJENS, Judge: Petitioner appeared pro se, was the only witness, made a narrative statement of the controversy under oath, and was subjected to cross-examination by counsel for the Commissioner. On the issue of the claimed fire loss the only findings of fact that can be justified by the testimony are those which we have made. No evidence of the adjusted basis of the farm house sufficient to determine the basis of the property for loss purposes was produced. As a matter of fact, what little evidence there was, though inadequate *29 for definite findings, strongly indicates the loss was fully covered by the insurance collected, in which event there would be no allowable deduction in any event. United States v. Koshland (C.A. 9), 208 Fed. (2d) 636. Furthermore, though the theory of the attempted carry-over of the alleged loss to subsequent years is nowhere explained by petitioner, either in the pleadings or brief, it must have been his theory that the loss was an "operating loss" under section 122, Internal Revenue Code of 1939. Since there is no evidence to prove the loss in the first place, there is nothing in the record which would justify a loss carry-over to subsequent years. See United States v. Koshland, supra. On the worthless stock issue, the burden was on petitioner to overcome the prima facie correctness of the Commissioner's determination. Petitioner's testimony was inadequate to carry his burden. It consisted wholly of argumentative testimony and the record contains no evidence establishing the loss in the taxable year. Lastly, on the issue involving additions to tax under section 294(d), petitioner introduced no evidence, and the Commissioner's determination must *30 be upheld. Decision will be entered for the respondent.